IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03105-RM-CBS

AMCO INSURANCE COMPANY, an Iowa corporation,

      Plaintiff,

v.

PARAGON LP, a Colorado Limited Partnership,

      Defendant.

_____

## STIPULATED PROTECTIVE ORDER
_____

      The parties stipulate to the following protective order:

      To protect the discovery and dissemination of confidential information or inform-ation which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case and to protect the confidential information of third parties that may be produced by the parties to this action, IT IS ORDERED:

      1.    This Protective Order shall apply to all documents, materials, and inform-ation, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information dis-closed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

      2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated as "CONFIDENTIAL" shall be information that is confidential and implicates: (a) the proprietary, confidential, competitively sensitive and/or trade secret information of a client; (b) any individual's common law or statutory privacy For purposes of this Order, this information shall be referred to as "CONFIDENTIAL Information." CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.      CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)      the parties, including their designated representatives;

(d)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e)      the Court and its employees ("Court Personnel");

(f)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)      deponents, witnesses, or potential witnesses; and

(h)      other persons by written agreement of the parties.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.     Prior to disclosing any information considered CONFIDENTIAL to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.     In the event that CONFIDENTIAL Information is inadvertently produced without designating such documents or information CONFIDENTIAL, the party claiming confidentiality shall properly designate such documents or information as CONFIDENTIAL, and the other party shall be bound by such designations pursuant to the terms of this Protective Order, but shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such CONFIDENTIAL information that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of a party's claim to confidentiality of such documents or information, either as to the specific information

disclosed or as to any other information relating to the subject matter of the information disclosed.

9.    Whenever a deposition involves the disclosure of CONFIDENTIAL inform-ation, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.    A party may object to the designation of particular information as CONFIDENTIAL by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL  in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the

information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.    If any party or person subject to this Protective Order receives a court order, subpoena, or other process demanding production of information designed as CONFIDENTIAL, that person or party shall immediately notify the attorneys of the designating party of the document sought by the subpoena or other process or order, shall furnish those attorneys of record with a copy of the subpoena or other process or order, and shall not interfere with respect to any procedure sought to be pursued by the designating party whose interests may be affected. The designating party shall have the burden of defending against the subpoena, process, or order. After such notice and the passage of at least forty-eight (48) hours or designated time for production, whichever is greater, the party served with the order, subpoena or other process shall comply with his or her legal obligation to produce such documents, except to the extent the designating party has filed for or succeeded in obtaining an order modifying, staying, or quashing the order, subpoena or other process.

12.    At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFI-DENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy documents designated as CONFIDENTIAL. Where the parties agree to destroy such documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Documents designated as CONFIDENTIAL

may not thereafter be used or disclosed by any party, expert, consultant, or attorney in any other case or for any purpose unrelated to this case.

13.   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

The above and foregoing is approved and entered as an Order of this Court on this __19th__ day of October, 2015.

Craig B. Shaffer
United States Magistrate Judge

Respectfully submitted this 13th day of October, 2015,

s/Christa Lee Rock
Christa Lee Rock
GORDON & REES LLP
555 17th Street, Suite 3400
Denver, Colorado 80202
(303) 534-5160
crock@gordonrees.com

s/Jack D. Robinson
Jack D. Robinson
Jeffrey A. Bollers
SPIES, POWERS & ROBINSON, P.C.
1660 Lincoln St., Suite 2220
Denver, CO 80264
robinson@sprlaw.net
bollers@sprlaw.net

Attorneys for Plaintiff
AMCO Insurance Company

s/Andrew M. Plunkett
Thomas J. Loucks
Andrew M. Plunkett
CHILDRESS DUFFY, LTD.
500 N. Dearborn Street, Suite 1200
Chicago, Illinois 60654
(312) 494-0200
tloucks@childresslawyers.com
aplunkett@childresslawyers.com
service@childresslawyers.com

s/Marie E. Drake
Marie E. Drake
Angela M. Schmitz
THE DRAKE LAW FIRM, P.C.
1600 Jackson Street, Suite 340
Golden, Colorado 80401
marie@thedrakelawfirm.com
angie@thedrakelawfirm.com

Attorneys for Defendant
Paragon LP