**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-03105-RM-CBS

AMCO INSURANCE COMPANY, an Iowa corporation,

    Plaintiff,

v.

PARAGON LP, a Colorado limited partnership,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Plaintiff's responses (ECF Nos. 54, 66) to the Orders to Show Cause (ECF Nos. 51, 55). Upon consideration of the responses, the Court finds that Plaintiff has failed to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Specifically, on January 20, 2016, the Court *sua sponte* issued an Order to show cause why this case should not be dismissed due to lack of subject matter jurisdiction as Defendant Paragon LP is a limited partnership and "an unincorporated entity's citizenship is typically determined by its members' citizenship." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905-06 (10th Cir. 2015) (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990)). On January 26, 2016, Plaintiff filed its response (ECF No. 54), recognizing that Defendant Paragon LP is a limited partnership and attaching a list of its General, Special Limited, and Limited Partners (collectively, "Partners"). The Partners identified consist of not

only individuals but also unincorporated entities, *i.e.,* LLCs, LLLPs, a partnership, and an "FBO Mark T. Donahoe, IRA, A/C #7A3 5654 UBS, Custodian."  For the individual Partners, Plaintiff provided their residence.  For the unincorporated entities, Plaintiff provided nothing to establish their citizenship, *i.e.,* the citizenship of the members or partners of such unincorporated entities.

On January 27, 2016, the Court noted deficiencies in Plaintiff's response, but issued another show cause order and provided Plaintiff "with one final opportunity to demonstrate that the Court has subject matter jurisdiction."  (ECF No. 55, page 3.)  The Court granted Plaintiff an extension of time to respond to the order and leave to conduct discovery concerning Defendant's citizenship.  On March 9, 2016, Plaintiff provided a response, but fails to cure all deficiencies.

Specifically, Plaintiff provided a Declaration from the General Partner of Defendant Paragon LP (ECF No. 66-1.)  That Declaration listed the General Partners, Special Limited Partners, and Limited Partners.  The Limited Partners are identified as "natural persons," unincorporated entities, and incorporated entities.  In addition, Plaintiff provided copies of corporate records for OCM III Holdings, Inc. and the 2014 Schedule K-1s for Defendant.  (ECF No. 66-4.)  These records – along with Plaintiff's initial response – establish subject matter jurisdiction has not been shown.

Starting with the "natural persons," Plaintiff's showing is deficient in two respects.  First, although identified as "natural persons," the K-1s show that "Steven Carder" and "John F. McGovern" are trusts, namely, the "Steven J. Carder Living Trust" and "The John F. McGovern Living Trust" (ECF No. 66-3, pages 3, 30).   In determining the citizenship for trusts, the U.S. Supreme Court recently stated: (1) under *Navarro Savings Assn. v. Lee*, 446 U.S. 458 (1980), "when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she

belongs—as is true of any natural person"; and (2) "when an artificial entity is sued in its name, it takes the citizenship of each of its members." *Americold Realty Trust v. Conagra Foods, Inc.*, __ U.S. __, 2016 WL 854159, at *4 (2016) (emphasis in original).  For unincorporated entities, the question which follows is who such entities' "members" are.  In *Americold*, the plaintiff was a real estate investment trust organized under Maryland law, and it was that law which provided the answer to the question.

In addressing Americold's argument that a "trust" possesses the citizenship of its trustees, the Supreme Court stated:

> Traditionally, a trust was not considered a distinct legal entity, but a "fiduciary relationship" between multiple people. … Such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name. … And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. … For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued.
>
> Many States, however, have applied the "trust" label to a variety of unincorporated entities that have little in common with this traditional template. … So long as such an entity is unincorporated, we apply our "oft-repeated rule" that it possesses the citizenship of all its members. *Carden*, 494 U.S., at 195, 110 S. Ct. 1015.  But neither this rule nor *Navarro* limits an entity's membership to its trustees just because the entity happens to call itself a trust.

*Americold*, 2016 WL 854159, at *4.

Plaintiff states the citizenship of these two "natural persons" are California and Colorado, presumably relying on the addresses in the K-1, but it is unknown if such addresses belong to the trust, trustee, or beneficiary.  And, moreover, on this record, it is unclear whose citizenship the Court should consider to evaluate whether diversity jurisdiction exists.

Next, although identified as a "natural person," "FBO Mark T. Donahoe, IRA, A/C/ #7A3 UBS" is an Individual Retirement Account, whose citizenship was stated to be New Jersey in the first response but is now stated to be Minneapolis in the second response. *See* ECF No. 54, page 2, ¶ 7; No. 54-1, page 2, ¶ 9; No. 66-1, page 3, ¶ 27; and No. 66-3, page 31.[1] No reason was given for the change in the stated citizenship of this partner. In addition, the citizenship asserted is stated to be that of Mr. Donahoe individually, but the K-1 with the Minneapolis address appears to be for Morgan Stanley, the Custodian of the IRA. Nor is it known, on this record, whose citizenship the Court should consider in evaluating whether diversity exists. *See Americold, supra* (discussing general diversity rule regarding an unincorporated entity).

The deficiency in Plaintiff's showing is not limited to the natural persons. For the unincorporated entities, the Declaration states NAV Capital Partners, LLC's interest was purchased in 2013 by IGW LLC; therefore, IGW LLC was a partner at the time suit was filed in 2014 and is one of the current partners. However, the Declaration states that IGW LLC has "multiple members *including*" three individuals and the "Padekeky GST exempt trust." (ECF No. 66-1, page 4, ¶ 2, emphasis added.) First, it is not enough that only some or even most of the citizenship of the members be disclosed. All must be shown. Next, the legal status of the exempt trust is unknown; therefore, Plaintiff has not shown whose citizenship the Court should consider in determining if diversity exists. *See Americold, supra*. Finally, the "partners" of the exempt trust and their citizenships have been identified, but it is unknown whether the "partners" are the trustees or the beneficiaries.

---

[1] It is also noted that Exhibit 1 (ECF No. 66-2 at page 2 ¶ 9) still identifies the IRA's address as New Jersey.

In summary, Plaintiff has not met its burden of demonstrating that diversity jurisdiction exists.[2]  *Conagra Foods, Inc. v. Americold Logistics, LLC,* 776 F.3d 1175, 1182 (10th Cir. 2015), *aff'd*, __ U.S. __, 2016 WL 854159 (2016).  Accordingly, the Orders to Show Cause are made **ABSOLUTE** and this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

DATED this 15th day of March, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[2] Plaintiff's second response also asserts the Court has subject matter jurisdiction pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201-02 (ECF No. 66, ¶ 1), but "the Declaratory Judgment Act does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some independent basis for jurisdiction." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (internal quotation marks and citation omitted).  *See also D.A. Osguthorpe Family Partnership v. ASC Utah, Inc.*, 576 F. App'x 759, 764 n.6 (10th Cir. 2014) (unpublished).